## MILLER v SMITH

Ohio Appeals, 2nd Dist, Franklin Co

No 2463.   Decided Nov 9, 1934

William E. McKinley, Columbus, for plaintiff in error.

C. C. Crabbe, . Columbus, and Garek & Sillman, Columbus, for defendant in error.

## OPINION

By KUNKLE, J.

The question therefore for determination is, did the plaintiff in error enter a general appearance in this case after she attained her majority and thus cure the defective service of summons originally made upon her?  It is conceded that the service was defective.

From our consideration of the record we are of opinion that plaintiff in error entered her appearance in the case after she attained her majority for the following reasons:

She approved, through her counsel, the entry of June 15, 1932, which was about six months after plaintiff in error had attained her majority.  The entry so approved, which we find among the papers, is as follows: -

"This day this cause came on to be heard upon the motion of the defendant to strike certain words and phrases from the petition and the court being fully advised

in the premises, finds that said motion is not well taken as to branches one and three and does hereby overrule the same as to said branches one and three, to all of which the defendant duly excepts.

"The court finds that said motion is well taken as to branch two and hereby sustains the same and orders that the words, 'carelessly' and 'recklessly' in the second paragraph of plaintiff's petition be stricken out, said petition to be amended at bar.

"The defendant is given leave to plead within the rule."

This entry was approved by plaintiff in error through her counsel after she had attained her majority, and was based upon a motion filed by plaintiff in error.

Plaintiff in error, through her counsel, not only approved this entry after she attained her majority but took advantage of the portions thereof in her favor, namely, the striking out of certain portions of the petition and the granting leave to her to plead within the rule day.

In the case of **Hobert v Francis, 40 Ohio Appellate Reports, page 492,** the court, in dealing with a somewhat similar state of facts, say:

"We are of the opinion that the defendant, by his course of conduct after he became of age, waived service of summons upon him as a minor under the provisions of that section and entered his appearance in the case."

In the case of **Long v Newhouse et, 57 Oh St, page 348,** the question of voluntary submission to the jurisdiction of the court is discussed in considerable detail. The second paragraph of the syllabus of the above mentioned case is as follows:

"2. In order to enable a defendant to object to the jurisdiction of the court over his person, the objection must be made at the earliest opportunity of the party. If before making such objection, the party appears and makes a motion that the plaintiff be required to attach an account of the items of his claim to his petition, or, that he be required to separately state and number his causes of action, or, that he be required to strike certain matter from his petition, in either of these cases, the party voluntarily submits himself to the jurisdiction of the court, and he cannot afterwards be heard to object thereto."

The question of minority was not involved in the above case but the general principles governing voluntary submission to the jurisdiction of a court are fully discussed.

Upon the admitted facts we cannot escape the conclusion that plaintiff in error by her course of conduct after she became of age, waived the provisions of the statute in reference to service upon a minor and entered her appearance in the case, and therefore, her petition to vacate such judgment was properly dismissed.

The judgment of the lower court will be affirmed.

HORNBECK, PJ, and BARNES, J, concur.